THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARNEY SCHER and GEORGE SCHER, Appellants.

Second Department, November 15, 1918.

Crime — conducting business under assumed name — evidence justifying conviction.

Defendants were properly convicted of the crime of conducting business under an assumed name, in violation of section 440 of the Penal Law, where the proof showed that they filed a certificate for the use of a family name which was not the name of any one of the persons conducting or intending to conduct the business.

The conviction was proper, although it appeared that the wife of one of the defendants was interested in a corporation using said family name:

KELLY and MILLS, JJ., dissented, with opinion.

APPEAL by the defendants, Barney Scher and another, from a judgment of the Court of Special Sessions of the City of New York, Part Two, county of Kings, rendered against them on the 13th day of February, 1917, convicting them of a violation of section 440 of the Penal Law.

*Joseph Gans [C. Arthur Jensen with him on the brief], for the appellants.*

*John E. Ruston, Assistant District Attorney [Harry E. Lewis, District Attorney, and Harry G. Anderson, Assistant District Attorney, with him on the brief], for the respondent.*

JAYCOX, J.:

The information filed in this matter accuses the defendants of the crime of conducting business under an assumed name. It also and more directly accuses the defendants with having filed a certificate for the use of a family name, the family name so used not being the true or real name of any one of the persons conducting or intending to conduct said business. This certificate was false, without question. Robert Baumann, named therein, was not interested in the company mentioned in it. His wife was not interested in that company. The fact that she was interested in the Baumann Furniture Company, Inc., a corporation, does not alter the fact that

she was not interested in the Robert Baumann Furniture Company, a copartnership or association of individuals for which said certificate was filed. The filing of the certificate does not create a corporation, but I think it is a fair assumption from it that the individuals named therein constituted a partnership. If the business was in fact conducted by the Baumann Furniture Company, Inc., in which Mrs. Baumann was a stockholder, the certificate was false nevertheless:

*First*. Because the Robert Baumann Furniture Company mentioned in the certificate did not conduct the business.

*Second*. Because Mrs. Baumann was not interested in the Robert Baumann Furniture Company mentioned in the certificate.

*Third*. The statute does not relate to corporations, and her interest in a corporation of a similar name was not the interest the statute contemplates.

Therefore, no person of the name of Baumann was interested in the Robert Baumann Furniture Company mentioned in the certificate. The Robert Baumann Furniture Company, Inc., did not come into existence until some time after the transaction complained of. It is, therefore, idle to claim that it had any connection with or in any way justified the filing of such a certificate.

The record is very unsatisfactory and confusing, but I think it sufficiently appears from it that the defendants filed a certificate for the purpose of transacting business under the name of the Robert Baumann Furniture Company and there was no person by the name of Baumann interested in that company.

The judgment should be affirmed.

JENKS, P. J., and BLACKMAR, J., concurred; KELLY, J., read for reversal, with whom MILLS, J., concurred.

KELLY, J. (dissenting):

I dissent, because in my opinion the evidence did not justify the conviction of the defendants of the crime with which they were expressly charged in the information filed, which performed the same function as an indictment in a court of record. (Code Crim. Proc. §§ 742, 743.) The crime

Second Department, November, 1918. [Vol. 185.

of " conducting business under assumed name " is defined in section 440 of the Penal Law, which is derived from the former Penal Code, section 363b, added by Laws of 1900, chapter 216. As originally enacted it provided in substance that no person or persons should carry on business under an assumed name or any designation other than the real name or names of the individuals conducting the business, unless a certificate was filed as provided in the law. By Laws of 1915, chapter 446, an additional provision was added to the section, in effect that no person should use or file a certificate for the use of any family name in carrying on business, unless the name so used was the true or real name of the person or one of the persons conducting the business, or unless the persons so filing the certificate were successors in interest to some one lawfully using such family name. When the district attorney filed the information against the defendants he expressly charged them with violation of this last or added provision. He charged that they filed a certificate for the use of a family name, viz., " Baumann," whereas the family name so used was not the true name of any one conducting or intending to conduct the business. This is the crime alleged against the defendants. During all the time covered by the information the business conducted by them was the business of the Baumann Furniture Company, a domestic corporation, and Amelia Baumann was a stockholder, director and officer of that corporation. The corporation had been enjoined from using the name " Baumann " as in fraud of the rights of a furniture house in Manhattan. (*Baumann & Co.* v. *Baumann*, 170 App. Div. 945, 950.) These defendants had been fined for contempt of court for violating the injunction, and in a clumsy effort to cover their tracks they changed the signs on their store windows to " Robert Baumann Furniture Company " and filed a certificate, with one Robert Baumann, the husband of Amelia, to the effect that the business was being carried on by the parties named in the certificate under the new name. But the certificate was false, *first*, because there was no such company or copartnership as the Robert Baumann Furniture Company in existence; *second*, because Robert Baumann, the husband of Amelia, was not interested in the furniture business at all; he was a

policeman and prohibited from engaging in mercantile pursuits; *third*, because the business was still the business of the original Baumann Furniture Company, the only legally organized corporation, it belonged to the stockholders of that corporation; it was their property; the profits, if there were any, belonged to that company. If the charge against defendants was that the certificate filed by them was false, the proof might warrant conviction. When the charge is made under and expressly confined to the second provision of the statute, I think the conviction was not warranted, because the evidence showed that the business conducted was the business of the Baumann Furniture Company, and that corporation had a right to use the family name of Amelia Baumann, the officer, director and shareholder. As against the rights of the Manhattan concern, the use of the name may have been wrongful, as indicated by the injunction granted; as against Penal Law, section 440, the use of the family name was not unauthorized and was not a crime.

I, therefore, vote to reverse the judgment of conviction of the Court of Special Sessions, to remit the fine, and to discharge the defendants.

MILLS, J., concurred.

Judgment of conviction of the Court of Special Sessions affirmed.